UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ESTATE OF BEN CUNNINGHAM, et al.,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.:  3:26-cv-1185-CAB-BLM

**ORDER REGARDING MOTIONS TO APPOINT GUARDIAN AD LITEM**

**[Doc. Nos. 4, 5]**

This matter is before the Court on an application by Daisy Figueroa ("Figueroa") to be appointed guardian ad litem for minor Plaintiff B.N.C., [Doc. No. 4], and an application by Juan Cunningham ("Cunningham") to be appointed guardian ad litem for minor Plaintiff J.M.C, [Doc. No. 5].  For the reasons below, the Court **DENIES** Figueroa's application and **GRANTS** Cunningham's application.

## I.    BACKGROUND

This case arises from the death of Ben Cunningham while he was held at San Diego County Central Jail.  The Plaintiffs consist of the Estate of Ben Cunningham by and through his successors-in-interest B.N.C. and J.M.C.; J.M.C., individually; B.N.C., individually; and Pamela Cunningham Solano, individually.  B.N.C. is the decedent's minor daughter, J.M.C is his minor son, and Solano is his mother.  Plaintiffs assert causes

1

of action for constitutional violations pursuant to 42 U.S.C. § 1983 against various Defendants, including the County of San Diego, Kelly Martinez (San Diego County Sheriff), and Jon Montgomery (Chief Medical Officer for the Sheriff's Department).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 17(c)(2) states that a minor "who does not have a duly appointed representative may sue . . . by a guardian ad litem" and that the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action."  "[T]he appointment of a guardian ad litem is more than a mere formalism."  *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  The guardian must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and not face an impermissible conflict of interest.  *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1045 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).

## III.   DISCUSSION

### A.   Figueroa & B.N.C.

Figueroa states that she is the natural mother of Plaintiff B.N.C., has no interests potentially adverse to her daughter, is fully competent and qualified to understand and protect her rights, and resides within the judicial district.  [Doc. No. 4-1 at 3.]

If Figueroa is B.N.C.'s mother, and presumably has custody of her, it is unclear why it would be necessary to appoint Figueroa as guardian ad litem because she therefore would be B.N.C.'s "general guardian" and could sue on her behalf under Federal Rule of Civil Procedure 17(c)(1)(A).  *J.K.J. v. City of San Diego*, Case No. 3:19-CV-2123-CAB-RBB, 2019 WL 6329219, at *1 (S.D. Cal. Nov. 26, 2019) (citing *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013)).  Conversely, if Figueroa is B.N.C.'s mother but does not have custody of her, and is not her general guardian, the Court would need further information about Figueroa and B.N.C.'s relationship.  *See J.F v. San Diego Cnty. Unified Sch. Dist.*, No. 19-CV-2495-

3:26-cv-1185-CAB-BLM

CAB-LL, 2020 WL 30435, at *1 (S.D. Cal. Jan. 2, 2020). Accordingly, Figueroa's application is **DENIED without prejudice**. If she cannot proceed under Federal Rule of Civil Procedure 17(c)(1)(A) as B.N.C.'s general guardian, she may re-file the application with citation to legal authority and explanation as to why she should be appointed as a guardian ad litem.

### B.     Cunningham & J.M.C.

Cunningham states that he is J.M.C.'s uncle, has no interests potentially adverse to his nephew, is fully competent and qualified to understand and protect his rights, and resides within the judicial district. [Doc. No. 5-1 at 3.] There does not appear to be any conflict of interest between Cunningham and J.M.C. The Court finds that the standards for the appointment of Juan Cunningham have been met and that he is qualified to serve as guardian ad litem. Cunningham's application is **GRANTED**.

The Court also notes that it can protect J.M.C if an issue later arises given Local Rule 17.1(a), which states that: "No action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."

### IV.   CONCLUSION

Daisy Figueroa's application to be appointed guardian ad litem for minor Plaintiff B.N.C. is **DENIED without prejudice**. [Doc. No. 4.] Juan Cunningham's application to be appointed guardian ad litem for minor Plaintiff J.M.C. is **GRANTED**. [Doc. No. 5.]

It is **SO ORDERED**.

Dated:  March 24, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

3:26-cv-1185-CAB-BLM